NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL G. EDWARDS, <br><br>   Plaintiff, <br><br>   v. <br><br> SANDER & BUDANITSKY, LLC and SEYATA SARNER, <br><br>   Defendants. | No. 26cv87 (EP) (JSA) <br><br> **MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Michael G. Edwards filed a complaint alleging that Defendants Sander & Budanitsky, LLC ("S&B") and Seyata Sarnor deprived him of due process in a prior lawsuit.[1]  D.E. 1 ("Complaint" or "Compl.").  Edwards seeks to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).  D.E. 1-2 ("IFP Application").  Because Edwards demonstrates financial need, the Court will **GRANT** the IFP Application.  The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons explained below, the Court will **DISMISS** the Complaint *without prejudice* because Edwards does not plead any plausible claim for relief.

**I.    BACKGROUND**

Edwards's Complaint is not clear.  As best as the Court can discern, however, Sarnor sued Edwards in New Jersey Superior Court, Sussex County, Law Division, over a car accident in which Sarnor allegedly suffered permanent physical injuries.  Compl. at 8 (citing *Sarnor v. Edwards*, No. ESX-L-6160-23 (N.J. Super. Ct., L. Div.) ("State Action")).  Sarnor retained S&B as counsel.  *Id.*

---

[1] This case's caption spells Defendant Seyata's last name as "Sarner."  It appears it is spelled "Sarnor."  *See infra* Section I (citing *Sarnor v. Edwards*, No. ESX-L-6160-23 (N.J. Super. Ct., L. Div.)).  The Court will spell it in the Memorandum Order as "Sarnor."

Edwards claims S&B and Sarnor deprived him of due process under color of state law by permitting Sarnor to maintain speculative and fraudulent claims for injury. *Id.* Edwards additionally alleges that Sarnor submitted a false police report. *Id.* at 4. Edwards seeks $1,000,000 in damages and injunctive relief to enjoin the ongoing litigation in the State Action. *Id.* at 8.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[2] 28 U.S.C. § 1915(e)(2)(B); *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As Plaintiff proceeds *pro se*, the Court holds the Complaint to a less stringent standard than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984

---

[2] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188 at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes '[a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.'" (quoting *Magruder v. Grafton Corr. Inst.*, No. 19-1980, 2020 WL 2814532, at *3 (N.D. Ohio Apr. 1, 2020))).

F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  As Edwards proceeds *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.    ANALYSIS

#### A.    Edwards's IFP Application

Edwards declares in his IFP Application that he has no checking or savings account and owns no assets or property.  IFP Application at 1.  He states that he receives no money from any (1) business, profession, or other self-employment; (2) rent payments, interest, or dividends; (3) pensions, annuities, or life insurance payments; (4) disability or workers compensation payments; (5) gifts or inheritances; or (6) any other sources.  *Id.* at 2.  Edwards also attaches the required institutional account statement, which demonstrates a balance of $39.19.[3]  *Id.* at 3.  Because Edwards sufficiently establishes his inability to pay, the Court will **GRANT** his IFP Application and screen his Complaint.

#### B.    Edwards's Complaint

There are at least two problems with Edwards's Complaint.  *First*, Edwards alleges that Defendants deprived him of due process, but because Defendants are private actors, they do not owe him due process.  *See Monn v. Gettysburg Area Sch. Dist.*, 553 F. App'x 120, 123 (3d Cir. 2014) ("Critically, the deprivation of the protected interest must be attributable to the [State], not a private actor." (citing *Phila. Police & Fire Ass'n for Handicapped Children, Inc. v. City of*

---

[3] Prisoners must submit a six-month institutional account statement when seeking to proceed IFP.  *See* 28 U.S.C. § 1915(a).  Edwards has been incarcerated only since November 17, 2025.  IFP Application at 2.  Because he provides an institutional account statement dating to the first date of incarceration, he has adequately complied with the requirement.  *Id.*

3

*Philadelphia*, 874 F.2d 156, 169 (3d Cir. 1989))).  Edwards therefore fails to state an actionable due process claim.

Next, Edwards seeks to enjoin the ongoing State Action but notions of comity and respect for state courts prevent federal courts from interfering with ongoing state actions or reviewing their outcomes.  *See FOCUS v. Allegheny Cnty. Ct. of Common Pleas*, 75 F.3d 834, 844 (3d Cir. 1996) ("The *Younger* doctrine is based on comity and the notion that comity makes it undesirable to permit a party access to a federal court when he is currently involved in state proceedings where can secure an adjudication of his constitutional claim." (citing *Younger v. Harris*, 401 U.S. 37 (1971))); *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005) ("Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976))); *see also E.B. v. Verniero*, 119 F.3d 1077, 1090 (1977) ("[I]nferior federal courts lack subject matter jurisdiction to review judgments of [state courts].").  Edwards presents no compelling reason as to why this Court can—or even should—interfere with the ongoing State Action.

The Court will therefore **DISMISS** Edwards' Complaint ***without prejudice***.

## IV.    CONCLUSION AND ORDER

Because Plaintiff demonstrates financial need, the Court will **GRANT** Edwards's IFP Application.  However, because Edwards neither states a claim nor requests relief this Court may grant, the Court will **DISMISS** Edwards's claims ***without prejudice***.  Accordingly,

**IT IS**, on this 10th day of April, 2026,

**ORDERED** that Edwards's IFP Application, D.E. 1-2, is **GRANTED**; and it is further

4

**ORDERED** that Edwards's Complaint, D.E. 1, is **DISMISSED** *without prejudice* pursuant to U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case; and it is further

**ORDERED** that Edwards may file a proposed amended complaint within **forty-five days** to cure the deficiencies identified in this Memorandum Order; and it is further

**ORDERED** that any proposed amended complaint will be subject to this Court's screening pursuant to U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the Clerk of Court **REOPEN** this action if the proposed amended complaint passes the Court's screening pursuant to U.S.C. § 1915(e)(2)(B); and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Memorandum Order to Edwards via regular mail.

Evelyn Padin, U.S.D.J.